IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TORVELLE STANLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 20-cv-62-NJR |
| ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Torvelle Stanley, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his conviction.

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. There does appear to be an issue as to exhaustion of state remedies because Stanley acknowledges that his post-conviction petition in state court is still pending. But he alleges that the petition has been pending since 2016 and that the undue delay has made exhausting his post-conviction remedy impossible. When a prisoner faces an inordinate and unjustified delay in attempting to exhaust his state remedies, a district court may excuse a petitioner from the usual requirement that he pursue state avenues of review before seeking federal relief. *See Sceifers v. Trigg,* 46 F.3d 701, 703 (7th Cir. 1995); *Lane v. Richards,* 957 F.2d 363, 365 (7th Cir.1992). Based on the limited record, however, the Court cannot determine at this stage whether there has been an inordinate delay allowing

1

Stanley to proceed with his Petition. The issue of exhaustion will require further briefing. Accordingly, the Court concludes that the Petition survives preliminary review under Rule 4.

Although Stanley lists the State of Illinois as the Respondent, the state is not a proper Respondent. In habeas actions challenging present custody, the proper Respondent is generally the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004). As such, the Court **SUBSTITUTES** the current warden of Menard, Alex Jones, for the State of Illinois.

## Motion to Appoint Counsel

Stanley has filed a Motion for Recruitment of Counsel (Doc. 3). The Court may appoint counsel for an indigent habeas petitioner under 28 U.S.C. §2254(h). The statute does not create a right to counsel; rather, it gives the court broad discretion to appoint counsel for a petitioner seeking habeas relief.

Appointment of counsel for a habeas petitioner is governed by standards similar to those followed in other civil cases. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983); *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). When presented with a request to appoint counsel in a civil case, the court must make the following inquiries: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate it himself?" *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010) (citing *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)). Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts requires appointment of counsel where an evidentiary hearing is found to be warranted

Stanley indicates in his motion that he has contacted several law firms and his family has also contacted law firms, but he has not received a response from any counsel. The Court, however, does not find that counsel is warranted at this time. The Court has not determined if a hearing will be necessary. Further, the case is in the early stages, and Respondent has not yet been served. Accordingly, Stanley's motion for counsel is **DENIED without prejudice**.

### Disposition

**IT IS HEREBY ORDERED** that Respondent Jones shall, on or before **May 6, 2020,** answer and show cause why the writ should not issue. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

Stanley is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/6/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**