IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TORVELLE STANLEY, <br><br> Petitioner, <br><br> v. <br><br> ANTHONY WILLS, <br><br> Respondent. | Case No. 20-CV-00062-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Torvelle Stanley, who is currently incarcerated in Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1). Stanley is serving a fifty-year prison sentence for first degree murder. He sought reversal on *Miranda* grounds, but the Fifth District Appellate Court of Illinois affirmed his conviction and the Illinois Supreme Court denied his petition for leave to appeal. Before leave was denied, on September 15, 2016, Stanley filed a state postconviction petition alleging ineffective assistance of counsel, *Miranda* violations, and actual innocence (Doc. 1, pp. 14-24). In his § 2254 petition, Stanley acknowledged that state court proceedings are on-going in the state petition, but asks this Court to set aside exhaustion requirements due to inordinate delay of the state court proceedings.

Title 28 U.S.C. § 2254(a) grants federal courts jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person who is in custody pursuant to a judgment of a state court on the ground that the person is in custody in violation

of the Constitution or laws or treaties of the United States. Before a state prisoner's claims may be addressed in federal court, however, the law requires him to exhaust his state court remedies or show cause and prejudice for his failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

In order to exhaust his remedies, a state prisoner must fairly present his claims in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). State prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A prisoner need not pursue all separate state remedies that are available to him, but he must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509; *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed."). If a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," a petitioner will not be deemed to have exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(c).

Stanley is currently in the process of exhausting his state court remedies. That said, the Seventh Circuit has suggested that unjustifiable delays in a direct criminal appeal may excuse a state petitioner from the exhaustion requirement and even give rise to an independent due process claim under the Fourteenth Amendment. *Allen v.*

*Duckworth*, 6 F.3d 458 (7th Cir. 1993) (assuming, without deciding, that excessive delay in state criminal appeal may amount to a denial of due process). But Stanley's § 2254 petition focuses on his state postconviction petition, not on his previous direct appeal. Additionally, the facts presented do not suggest unjustifiable delay. On the contrary, it appears that a continuous shuffle in public defenders and resulting continuances have led to delays in that state court petition. *Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992) (lengthy delay arising out of inaction of counsel appointed to represent defendant could not be attributed to state for purposes of deeming defendant's state remedies exhausted).

Additionally, dismissal without prejudice will not effectively end any chance of federal habeas review. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). The one-year statute of limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2). Thus, Stanley will have a full year to file a timely § 2254 petition after the conclusion of his state postconviction proceedings.

## DISPOSITION

Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**. All other pending motions are **DENIED as moot**. This action is **DISMISSED without prejudice** and Stanley may file a new § 2254 petition after he has exhausted his state court remedies. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse

to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Here, no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court denies a certificate of appealability.

Petitioner may reapply for a certificate of appealability to the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

**DATED:   March 1, 2021**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
